UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHARLIE JACKSON,

      Plaintiff,

v.                                       Case No: 2:18-cv-252-FtM-99MRM

MICHAEL A. COLOMBO, JR.,
FRANCINE H DONNOROMMO,
RAMERO MANALICH and SAM
SORRELLE,

      Defendants.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Plaintiff Charlie Jackson's Affidavit of Indigency Construed as a Motion to Proceed *In Forma Pauperis* (Doc. 2) filed on April 16, 2018. Plaintiff initiated this action by filing a *pro se* 42 U.S.C. § 1983 Civil Rights Complaint Form (Doc. 1) while detained in the Lee County Jail. Plaintiff seeks leave to proceed without payment of fees.

The Prison Litigation Reform Act requires this Court to screen actions against governmental entities, officers, or employees of a governmental entity, to determine whether the complaint is frivolous, malicious, or fails to state a claim. *See* 28 U.S.C. §

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

1915A; *see also* 28 U.S.C. § 1915(e)(2)(b)(ii)(screening that applies to prisoner cases seeking to proceed *in forma pauperis*). The standards that govern dismissals under Federal Rule of Civil Procedure 12(b)(6) apply to dismissals under § 1915A and § 1915(e)(2)(b)(ii). *Douglas v. Yates,* 535 F.3d 1316, 1319-20 (11th Cir. 2008) (internal citation omitted). "While a complaint attacked by a rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 444, 555 (2007). "Factual allegations must be enough to raise a right to relief about the speculative level." *Id.* at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, dismissal for failure to state a claim is appropriate if the facts as pled fail to state a claim for relief that is "plausible on its face." *Id.* (internal quotation marks omitted). Plausibility requires more than "a sheer possibility that a defendant has acted unlawfully." *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that he defendant is liable for the misconduct alleged." *Id.*

Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," *Nietzke*, 490 U.S. at 327; when the claims rely on factual allegations which are "clearly baseless," *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has "little or no chance of success," *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). This Court is cognizant that it must liberally construe a *pro se* complaint. *Douglas*, 535 F.3d at 1319-20 (internal citation omitted). This

liberal construction does not give a court license to rewrite an otherwise deficient pleading in order to sustain an action. *GJR Invs., Inc. v. Cnty. of Escambia, Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by, *Aschroft v. Iqbal*, 556 U.S. 662 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001); *Swint v. City of Wadley, Ala.*, 51 F.3d 988, 999 (11th Cir. 1995); *Tittle v. Jefferson County Comm'n*, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

Here Plaintiff avers that unknown officers violated his rights without providing any factual basis to support his claims. Plaintiff's Complaint does not specify what the named defendants did to violate his constitutional rights nor set forth a cause of action upon which relief may be granted. Instead, Plaintiff's "Statement of Claim" simply states that he was handcuffed and transported without an arrest warrant or probable cause to Lee County Jail. (Doc. 1 at 5). Plaintiff says Detective Alesha Morel arrested him and charged him with two counts of sexual activity with a child in violation of Fla. Stat. § 794.011(b). *Id.* Plaintiff avers that the officers and judges in Lee County Courts have no jurisdiction over him because he is a living breathing man distinguished from his property and title. *Id.* Even liberally construing the Complaint, Plaintiff has failed to state a cognizable claim under § 1983. As such, Plaintiff's Motion to Proceed *In Forma Pauperis* is due to be denied and his Complaint dismissed with leave to amend.

Plaintiff is cautioned that his amended complaint must comply with the federal rules of civil procedure. Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 561- 563, S. Ct. 127 S. Ct. 1955, 167 L. Ed 2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). To meet this standard, the plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly,* 128 S. Ct. at 1965 (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986)).

Additionally, Plaintiff must name as Defendants only those persons who are responsible for the particular alleged constitutional violations. Plaintiff should succinctly state what rights under the Constitution, laws, or treaties of the United States have been violated in the section entitled "Statement of Claim." It is improper for Plaintiff to merely list constitutional rights or federal rights. Plaintiff must provide support in the statement of facts for the claimed violations.

Further, Plaintiff should clearly describe how each named defendant is involved in the alleged constitutional violation(s) in the amended complaint. Plaintiff should note that, in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. *Fullman v. Graddick*, 739 F.2d 553, 556-7 (11th Cir. 1984); *Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979). Although personal participation is not specifically required for liability under section 1983, there must be some causal connection between the defendant named and the injury allegedly sustained. *Sims v. Adams*, 537 F.2d 829 (5th Cir. 1976). One cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he participated in the deprivation of Plaintiff's constitutional

rights or directed such action and/or omission that resulted in such deprivation. Finally, Plaintiff must show specifically how he has been damaged (how he was harmed or injured by the actions and/or omissions of the defendant(s)).

Accordingly, it is now

**ORDERED:**

(1) Plaintiff Charlie Jackson's Affidavit of Indigency Construed as a Motion to Proceed *In Forma Pauperis* ([Doc. 2](Doc. 2)) is **DENIED**.

(2) Plaintiff's Complaint ([Doc. 1](Doc. 1)) is **DISMISSED without prejudice**.

(3) Plaintiff may file an amended complaint within **FOURTEEN (14) DAYS** of the date of this Order. Failure to file an amended complaint as directed will result in the dismissal of this case without further notice.

**DONE** and **ORDERED** in Fort Myers, Florida this 14th day of May, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
Charlie Jackson
SA: FTMP-2