UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHARLIE JACKSON,

    Plaintiff,

v.                                  Case No.: 2:18-cv-252-FtM-38MRM

MICHAEL A. COLOMBO, JR.,
FRANCINE H DONNOROMMO,
RAMERO MANALICH, SAM
SORRELLE, STEPHEN B.
RUSSELL, LINDA DOGGETT, MR.
WALSH, THOMAS REESE, RYAN P.
DOWNEY and ALESHA MOREL,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

This matter is before the Court upon *Sua Sponte* Review of the Record. Plaintiff initiated this action by filing a *pro se* 42 U.S.C. § 1983 Civil Rights Complaint Form (Doc. 1) while detained in the Lee County Jail.

## **BACKGROUND**

The Court dismissed Plaintiff's initial Complaint (Doc. 1) and directed him to file an Amended Complaint that complied with the Federal Rules of Civil Procedure and that stated a claim for which relief could be granted. (Doc. 7). Plaintiff has filed his Amended Complaint (Doc. 8) and seeks to proceed *in forma pauperis.* (Doc. 9).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

## **STANDARD OF REVIEW**

A federal district court is required to review a civil complaint filed *in forma pauperis* and to dismiss any such complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e). The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis.* Specifically, the section provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal-
>
> > (i) is frivolous or malicious;
> >
> > (ii) fails to state a claim on which relief may be granted; or
> >
> > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A complaint may be dismissed as frivolous under § 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. *Id.* at 327. In addition, where an affirmative defense would defeat a claim, it may be dismissed as frivolous. *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990).

The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section

2

1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). Although a complaint need not provide detailed factual allegations, there "must be enough to raise a right to relief above the speculative level", and the complaint must contain enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 47 (11th Cir. 2004). Moreover, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972).

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

In civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. *Fullman v. Graddick*, 739 F.2d 553, 556-7 (11th Cir. 1984); *Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979). Although personal participation is not specifically required for liability under § 1983, there must be some causal connection between the defendant named and the injury allegedly sustained. *Sims v. Adams*, 537 F.2d 829 (5th Cir. 1976).

In its Order dismissing Plaintiff's initial Complaint, The Court cautioned Plaintiff that his Amended Complaint must: (1) comply with the Federal Rules of Civil Procedure; (2) that he must name each Defendant responsible for the alleged constitutional violations; and (3) specify how each Defendant's action violated same or his Amended Complaint would be dismissed. Plaintiff's Amended Complaint fails to correct the deficiencies found in his initial Complaint.

Plaintiff alleges that Defendants violated his rights, however; he provides no factual basis to support those claims. In his Amended Complaint, Plaintiff alleges that the officers and judges in Lee County Courts have no jurisdiction over him because he is a living breathing man distinguished from his property and title. ([Doc. 8 at 5](Doc. 8 at 5)). The Amended Complaint then enumerates constitutional violations and alleged wrongs but does not specify who committed the violations nor what actions the named Defendants did to cause a violation. ([Doc. 8 at 5](Doc. 8 at 5)). Rather than comply with the Court's Order, Plaintiff filed essentially the same Complaint the Court dismissed. Even liberally construing the Amended Complaint, Plaintiff has failed to state a cognizable claim under § 1983. Thus, Plaintiff's case is due to be dismissed.

Accordingly, it is now **ORDERED:**

Plaintiff's case is **DISMISSED**. The Clerk of Court shall enter judgment accordingly, terminate all pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 10th day of December 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record